Lane, C. J.
The record of the suit in chancery shows a dismissal upon the finding, that the equity of the case is with the defendant. The proposition of the defendant, arising from these facts, is, that the dismissal of a bill of foreclosure on the merits, extinguishes the debt secured by the mortgage, and concludes all rights between the parties.
While the remedy upon mortgages in this state'was. bj scire facias, before 1831, it was held that the rights betweeu the parties were merged in such a proceeding, because they terminated in a judgment, which is a form of debt of a higher nature than any depending on the acts of the parties only. 1 Ohio, 157. But the right to pursue all or either of the three remedies on a mortgage at the same time, is asserted in every elementary treatise on this subject, for the objects of the three are not the same; and although if the debt is paid the lien is extinct, the converse of this proposition is not true, and the debt may be justly due, although the land is never bound by the lien.
If it were otherwise it would be no defense in the form offered here. The suits were pending at the same time, and the decree of dismissal was not. made, until after the plea filed, although before the notice, which was appended at a subsequent term. The defense, then, if .available, arose after the plea filed, and can not bo raised, except by a plea after the last continuance.
Remanded for trial on the plea of payment.†

When matter of defense has arisen after the commencement of the suit, it can not be pleaded in bar of the action generally, but must, 'when it has arisen *305 before plea or continuance, be pleaded as to the further maintenance of the suit; and when it has arisen after issue joined puis darrein continuance. Bret v. Papillon, 4 East, 502; 1 Chit. Pl. 650; Covell v. Weston, 20 Johns. 414. A receipt in full, from one of several plaintiffs, dated since the last continuance, is sufficient evidence to sustain a plea of payment puis darrein continuance. Neil et al. v. Hepburn, 6 Ohio, 534.